UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRELL JOHNSON,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-3558** |
| **UNION PACIFIC RAILROAD COMPANY,**<br>    **Defendant** | **SECTION: "E" (4)** |

## ORDER AND REASONS

Before the Court is Defendant's Motion to Transfer Venue.[1] For the reasons that follow, Defendant's motion is **GRANTED**.

## BACKGROUND

Plaintiff Terrell Johnson ("Plaintiff") filed this suit in the Eastern District of Louisiana on August 17, 2015.[2] The complaint avers that on or about April 14, 2015, Plaintiff sustained personal injuries "in the line of duty while employed as a railroad welder" by Defendant Union Pacific Railroad Company ("Defendant").[3] Plaintiff alleges that Defendant "recklessly, negligently, and/or carelessly failed to provide him with a reasonably safe place to work in violation of the provisions of the [Federal Employers' Liability Act[4] ("FELA")]."[5]

On September 10, 2015, Defendant filed a motion to transfer the case to the Western District of Louisiana, Monroe Division.[6] Plaintiff filed a response in opposition

---

[1] R. Doc. 9.
[2] R. Doc. 1
[3] *Id.* at ¶¶ 3, 6.
[4] 45 U.S.C. § 51, *et seq.*
[5] R. Doc. 1 at ¶ 10.
[6] R. Doc. 9.

1

to the motion to transfer on October 6, 2015.[7] Defendant filed a reply in support of its motion on November 4, 2015.[8]

## DISCUSSION

28 U.S.C. § 1404 provides that a district court may transfer a civil action to any other district or division where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice."[9] The movant generally has the burden of showing that an alternative forum is more appropriate for the case.[10] A showing of "good cause" satisfies this burden.[11] "[T]o show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'"[12] When the movant demonstrates the transferee venue is "clearly more convenient," it has established good cause and the Court should grant the transfer.[13] The decision to transfer a case is within the sound discretion of the district court.[14]

### A. Another District Where Suit Might Have Been Brought

As a threshold question, the Court must determine whether the Western District of Louisiana, Monroe Division, is a district and division where suit "might have been brought."[15] Plaintiff does not dispute that the Western District of Louisiana would be a proper venue.[16]

---

[7] R. Doc. 11.
[8] R. Doc. 16.
[9] 28 U.S.C. § 1404(a).
[10] *Broussard v. First Tower Loan, LLC*, No. 15-1161, 2015 WL 5797833, at *2 (E.D. La. Oct. 2, 2015) (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*")).
[11] *See Volkswagen II*, 545 F.3d at 315.
[12] *Id.*
[13] *Id.*
[14] *See Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 829 (E.D. Tex. 2002); *York v. Union Pac. R.R. Co.*, No. 07-169, 2008 WL 5069835, at *2 (E.D. Tex. Feb. 13, 2008) (citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)).
[15] *See In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *Broussard*, 2015 WL 5797833, at *4.
[16] R. Doc. 11 at 3.

45 U.S.C. § 56 provides that an action under FELA "may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action."[17] Defendant "owns, operates, and maintains equipment and railroad track . . . in Ouachita Parish," a parish in the Western District of Louisiana, Monroe Division.[18] Further, the motion to transfer states that key witnesses who are employed by Defendant, such as Plaintiff's co-workers and supervisor, are residents of Monroe, Louisiana, and Shreveport, Louisiana,[19] cities in the Western District.[20] "Congress, in enacting 45 U.S.C. § 56, unequivocally meant to enable suits to be brought wherever a railroad's operations are conducted, including the operating of trains and maintaining of traffic offices."[21] Therefore, Defendant's activities in Ouachita Parish fit within the congressionally intended scope under 45 U.S.C. § 56 of "doing business" in the Western District of Louisiana, Monroe Division.[22] Accordingly, this action could have been brought in the Western District of Louisiana, Monroe Division.

### B. Section 1404(a) Transfers of FELA Cases

Plaintiff argues that a plaintiff's choice of forum in FELA cases should be afforded "notable deference."[23] Section 1404(a) provides that a district court may transfer "any civil action" "[f]or the convenience of parties and witnesses, in the interest of justice."[24]

---

[17] 45 U.S.C. § 56.
[18] *See* 28 U.S.C. § 98.
[19] R. Doc. 9-1 at 2.
[20] *See* 28 U.S.C. § 98.
[21] *Robertson v. Kiamichi R.R. Co.*, 42 F. Supp. 2d 651, 655 (E.D. Tex. 1999) (citing *Miles v. Illinois Cent. R. Co.*, 315 U.S. 698, 702 (1942)).
[22] *See Robertson*, 42 F. Supp. 2d at 655.
[23] R. Doc. 11 at 4–6.
[24] 28 U.S.C. § 1404(a).

3

The United States Supreme Court explained in *Ex Parte Collett*[25] that § 1404(a) applies to FELA cases:

> [FELA] defines the proper forum; § 1404(a) of the Code deals with the right to transfer an action properly brought. The two sections deal with two separate and distinct problems. Section 1404(a) does not limit or otherwise modify any right granted in [FELA] or elsewhere to bring suit in a particular district. An action may still be brought in any court, state or federal, in which it might have been brought previously.[26]

In *In re Volkswagen of America, Inc.*, a non-FELA case, the Fifth Circuit adopted the factors enunciated in *Gulf Oil Corp. v. Gilbert*,[27] a *forum non conveniens* case, to determine whether a venue transfer pursuant to § 1404(a) is appropriate.[28] The Fifth Circuit noted the "essential difference" between the *forum non conveniens* doctrine and transfer under § 1404(a). Under the *forum non conveniens* doctrine, "a court may decline jurisdiction and may actually dismiss a case, even when the case is properly before the court, if the case more conveniently could be tried in another forum."[29] Under § 1404(a), however, "a court does not have authority to dismiss the case; the remedy under the statute is simply a transfer of the case within the federal system to another federal venue more convenient to the parties, the witnesses, and the trial of the case."[30] Accordingly, although a plaintiff's choice of forum under the *forum non conveniens* doctrine "should rarely be disturbed,"[31] "the avoidance of dismissal through § 1404(a) lessens the weight to be given the choice of forum factor, and to that extent broadens the discretion of the

---

[25] 337 U.S. 55 (1949).
[26] *Id.* at 60. *See also In re Fireman's Fund Ins. Cos.*, 588 F.2d 93, 95 (5th Cir. 1979) ("Because of the unambiguous phrase 'any civil action,' it has been held that [Section 1404(a)] applies not only to the general federal venue provisions, . . . but also to special venue statutes within Title 28 and elsewhere in the Federal Code. See, e.g., Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207 (1949) (applies to F.E.L.A.)").
[27] 330 U.S. 501 (1947).
[28] *Volkswagen II*, 545 F.3d at 315. *See also Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963).
[29] *Volkswagen II*, 545 F.3d at 313.
[30] *Id.*
[31] *Gilbert*, 330 U.S. at 508.

4

District Court."[32] District courts in this Circuit that have considered § 1404(a) motions to transfer in FELA cases have applied the *Volkswagen* and *Gilbert* analysis.[33] This Court agrees with this approach.

Although the Supreme Court has described the plaintiff's ability under FELA to select the forum as a "substantial right,"[34] district courts in this Circuit have concluded that "when the plaintiff does not reside in his chosen forum nor have any operative facts occurred within the forum, the plaintiff's choice is entitled to less consideration notwithstanding that it is a FELA action."[35] While the Court should afford the plaintiff's choice of venue deference when considering a § 1404(a) motion in a FELA case,[36] the plaintiff's choice is entitled to less deference than otherwise would be afforded when the plaintiff picks a forum in which he does not reside and in which no operative facts occurred.

Here, although Defendant "owns, operates and maintains equipment and railroad track in Jefferson Parish," which is in the Eastern District of Louisiana, Defendant also "owns, operates and maintains equipment and railroad track throughout Louisiana, and in Ouachita Parish," which is in the Western District of Louisiana, Monroe Division. Plaintiff resides in Ouachita Parish, and nothing suggests that any operative facts

---

[32] *Humble Oil*, 321 F.2d at 56. *See also Reed v. Fina Oil & Chem. Co.*, 995 F. Supp. 705, 714 (E.D. Tex. 1998) ("A transfer under § 1404(a) . . . should be granted more easily than a transfer under the doctrine of *forum non conveniens*.").
[33] *See, e.g., Tridle v. Union Pac. R.R. Co.*, No. 07-213, 2008 WL 4724854, at *2 (E.D. Tex. Oct. 15, 2008) (applying the § 1404 standard set forth in *Volkswagen II* to a FELA action); *York*, 2008 WL 5069835, at *2 (same). *See also Nagra v. Nat'l R.R. Passenger Corp.*, No. 10-1612, 2010 WL 3325640, at *2 n. 1 (W.D. La. Aug. 20, 2010) ("Courts readily recognize that § 1404(a) applies to FELA actions.").
[34] *Boyd v. Grand Trunk W. R.R. Co.*, 338 U.S. 263, 266 (1949).
[35] *Robertson*, 42 F. Supp. 2d at 656. *See also Fletcher v. S. Pac. Transp. Co.*, 648 F. Supp. 1400, 1404 (E.D. Tex. 1986) (a FELA action in which the court explained that while "a plaintiff's choice of forum is generally entitled to respect and deference," "where none of the operative facts occur within the forum of plaintiff's original selection, his choice is entitled to only minimal consideration).
[36] "[C]ourts generally concur that there is a strong presumption favoring plaintiff's choice of forum. Since enactment of 28 U.S.C. § 1404(a), the amount of weight courts confer on plaintiff's choice of forum has been somewhat obscure." *Robertson*, 42 F. Supp. 2d at 655.

5

occurred within the Eastern District.[37] Accordingly, while Plaintiff's choice of venue is given some deference,[38] the Court must consider whether other factors outweigh Plaintiff's choice of venue.

### C. Application of *Gilbert* Factors

The Fifth Circuit adopted the public and private interest factors enumerated in *Gilbert* to determine whether a § 1404(a) venue transfer is "for the convenience of the parties and witnesses and in the interest of justice."[39] The private interest *Gilbert* factors are (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive.[40] The public interest factors are (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.[41] The *Gilbert* factors "are not necessarily exhaustive or exclusive," and none is dispositive.[42]

1. <u>Private Interest Factors</u>

    a. *Relative Ease of Access to Sources of Proof*

Neither party directly addresses how transfer would impact the ease of access to sources of proof. Defendant states, and Plaintiff does not dispute,[43] that "key witnesses,

---

[37] *See, e.g.,* R. Doc. 1 at ¶ 4; R. Doc. 11 at 5–6. The alleged injury occurred in Oklahoma. R. Doc. 1 at ¶ 4.
[38] The Court notes that "a transfer between federal courts pursuant to § 1404(a) is not a transfer between forums; it is a transfer between venues. Thus, in venue transfer cases, deference given to a plaintiff's initial choice is deference given to a plaintiff's choice of venue." *Volkswagen II*, 545 F.3d at 308 n. 2.
[39] *Volkswagen II*, 545 F.3d at 315.
[40] *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981)).
[41] *Id.*
[42] *Volkswagen II*, 545 F.3d at 315.
[43] *See* R. Doc. 11 at 8–10.

6

including Plaintiff's co-workers, Plaintiff's Supervisor and Plaintiff's treating physician" all reside in the Western District of Louisiana.[44] Plaintiff also resides in Ouachita Parish in the Western District of Louisiana.[45] The parties do not identify any potential witnesses who reside in the Eastern District, and the alleged injury occurred in Oklahoma.[46] Accordingly, this factor weighs in favor of transfer.

> b. *The Availability of Compulsory Process to Secure the Attendance of Witnesses*

Pursuant to the subpoena power provided under Rule 45 of the Federal Rules of Civil Procedure, a district court "may command a person to attend a trial, hearing, or deposition . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person. . . ."[47] Therefore, the "key witnesses" Defendant identifies would be subject to the "automatic subpoena power"[48] of the Western District of Louisiana, Monroe Division.[49]

New Orleans, Louisiana, where this case would proceed if not transferred, is more than 200 miles from both Shreveport, Louisiana, and Monroe, Louisiana, and "is therefore beyond the 100 mile distance in which the automatic subpoena power of a district court can be used to compel attendance of witnesses."[50] While "nonparty witnesses can be required to travel more than 100 miles within the state where they reside, are employed, or regularly transact business in person," they would be subject to this Court's subpoena power only if they would not incur "substantial expense" as a

---

[44] R. Doc. 9-1 at 2.
[45] R. Doc. 1 at 1.
[46] *Id.* at ¶ 4.
[47] *See* FED. R. CIV. P. 45(c)(1)(A).
[48] *In re Horseshoe*, 337 F.3d at 431.
[49] FED. R. CIV. P. 45(c).
[50] *In re Horseshoe*, 337 F.3d at 431.

7

result.[51] Accordingly, this Court would have to independently determine whether each nonparty witness residing in Shreveport, Louisiana, and Monroe, Louisiana, would incur substantial expense if required to travel to New Orleans, Louisiana, for trial. This factor favors transfer.

### c. The Cost of Attendance for Willing Witnesses

Defendant asserts, and Plaintiff does not dispute, that "key witnesses," such as Plaintiff's co-workers, Plaintiff's supervisor, Plaintiff's treating physician, and even Plaintiff himself, reside in either Monroe or Shreveport, Louisiana, cities in the Western District.[52] Thus, witness travel costs would be greater if trial occurs in New Orleans rather than Monroe.[53] Therefore, this factor weighs in favor of transfer.

### d. All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

The Court also considers the overall convenience for the parties and witnesses. "The logical starting point for analyzing convenience is to consider the parties' residences."[54] As previously discussed, Plaintiff resides in Ouachita Parish, which is located in the Western District of Louisiana, Monroe Division.[55] Defendant is a corporation incorporated under the laws of Delaware with its principal place of business in Nebraska.[56] Defendant states it owns, operates, and maintains equipment and railroad track throughout Louisiana, including both in the Eastern District of Louisiana and in the Western District of Louisiana, Monroe Division.[57] Overall, the Western District appears convenient for both parties.

---

[51] FED. R. CIV. P. 45(c) advisory committee notes.
[52] R. Doc. 9-1 at 2; R. Doc. 11 at 8–10.
[53] *Cf. Robertson*, 42 F. Supp. 2d at 658.
[54] *Id.* at 657.
[55] R. Doc. 1 at 1.
[56] *See* R. Doc. 9-1 at 1; R. Doc. 1 at ¶ 4.
[57] R. Doc. 9-1 at 2.

"[V]enue often is considered convenient in the district or division where the majority of witnesses are located."[58] "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."[59] Because Defendant states that several significant witnesses reside in Monroe, Louisiana, and Shreveport, Louisiana, and Plaintiff fails to note other witnesses who live elsewhere, this factor weighs in favor of transfer.[60]

2. Public Interest Factors

   a. *The Administrative Difficulties Flowing from Court Congestion*

When considering a motion to transfer, courts consider the congestion of each district, as indicated, for example, by the time between the filing of a suit and trial.[61] This factor, however, "is not entitled to much weight because it is the most speculative, and this factor alone should not outweigh other factors."[62]

The median time interval from filing to disposition of civil cases in the Eastern District of Louisiana was 4.9 months—compared to 11.5 months in the Western District of Louisiana—in the 12-month period ending March 31, 2014, according to the most

---

[58] *See Robertson*, 42 F. Supp. 2d at 657 (citing *Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1166 (S.D.Tex.1994)).
[59] *Volkswagen I*, 371 F.3d at 204–05.
[60] *See Robertson*, 42 F. Supp. 2d at 657 (noting that "it is self-evident that the witnesses who reside in Paris, Texas, would find a Paris division trial more convenient" and that other witnesses would find a trial held closer to them to be more convenient); *Volkswagen I*, 371 F.3d at 204–05 ("Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment. Furthermore, the task of scheduling fact witnesses so as to minimize the time when they are removed from their regular work or home responsibilities gets increasingly difficult and complicated when the travel time from their home or work site to the court facility is five or six hours one-way as opposed to 30 minutes or an hour.").
[61] *See Broussard*, 2015 WL 5797833, at *7 (citing *In re Genentech*, 566 F.3d 1338, 1347 (Fed. Cir. 2009)); *Frederick v. Advanced Fin. Sols., Inc.*, 558 F. Supp. 2d 699, 706 (E.D. Tex. 2007).
[62] *Broussard*, 2015 WL 5797833, at *7.

9

recent data available from the Federal Judiciary.[63] In neither district is there significant delay. Accordingly, this factor is neutral.

### b. The Local Interest in Having Localized Interests Decided at Home

Plaintiff argues it is entitled "to institute this action in any district court where [Defendant] resides or is doing business in [sic] at the time he commences his FELA action."[64] Other than noting that Defendant owns and operates "a railroad switching yard, trains, and equipment in Jefferson Parish, Louisiana,"[65] Plaintiff fails to establish any connection between the alleged injury and the Eastern District of Louisiana.[66] The injury did not occur in this District, and key witnesses, including Plaintiff, reside in the Western District of Louisiana. Therefore, even if Defendant's activities in the Eastern District are sufficient to establish a local interest in this action, the interest of the Eastern District of Louisiana likely would not outweigh that of the Western District of Louisiana.[67] Accordingly, this factor favors transfer.

### c. The Familiarity of the Forum with the Law that Will Govern the Case

This factor "has usually been taken into account when the law to be applied would be state law based on a federal court's diversity jurisdiction."[68] FELA actions are governed

---

[63] *U.S. District Courts—Median Time Intervals from Filing to Disposition of Civil Cases*, FEDERAL JUDICIARY (Mar. 31, 2014), http://www.uscourts.gov/statistics/table/c-5/federal-judicial-caseload-statistics/2014/03/31.
[64] R. Doc. 11 at 5.
[65] *Id.*
[66] *See Martinez v. Massey*, No. 11-995, 2011 WL 4345101, at *2 (E.D. La. Sept. 13, 2011) (finding that the Middle District of Louisiana had "a far greater interest and connection" to the case than the Eastern District of Louisiana, as the plaintiff "presented no evidence indicating how this incident is connected to the Eastern District of Louisiana, other than his argument that, upon information and belief, 'Orleans Parish is the parish in which the defendants conduct the large majority of all of their activities within this state'").
[67] *U.S. United Ocean Servs., LLC v. Powerhouse Diesel Servs., Inc.*, 932 F. Supp. 2d 717, 733 (E.D. La. 2013).
[68] *Id.* (citing *Van Dusen v. Barrack*, 376 U.S. 612, 643 (1964)).

by federal law,[69] and the District Courts for the Eastern District of Louisiana and for the Western District of Louisiana are federal courts.[70] Accordingly, this factor is neutral.[71]

> d. *The Avoidance of Unnecessary Problems of Conflict of Laws of the Application of Foreign Law*

This factor is not relevant, as federal law will apply regardless of whether this case is transferred.[72]

3. Conclusion

Five factors weigh in favor of transfer. Two factors are neutral, and one is not relevant in this matter.

## CONCLUSION

After considering Plaintiff's choice of venue and the *Gilbert* factors, the Court finds that the Western District of Louisiana, Monroe Division, is a more appropriate and convenient venue for this action. Therefore, transfer is warranted.

Accordingly;

**IT IS ORDERED** that Defendant's Motion to Transfer Venue[73] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **TRANSFERRED** to the Western District of Louisiana, Monroe Division.

**New Orleans, Louisiana, this 2nd day of December, 2015.**

*Susie Morgan*
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[69] *Norfolk S. Ry. Co. v. Sorrell*, 549 U.S. 158, 165 (2007).
[70] As Plaintiff notes, "[T]his [C]ourt is as equally familiar with federal railroad law under FELA as the Western District of Louisiana given that this case arises under federal law." R. Doc. 11 at 7.
[71] *See Powerhouse*, 932 F. Supp. 2d at 734 (concluding that this factor was neutral because the action was "a federal matter[] and both proposed districts [were] federal courts").
[72] *See id.*; *Norfolk*, 549 U.S. at 165.
[73] R. Doc. 9.